Herman WILLIAMS, Petitioner–
Appellant,

v.

Randall BRYANT, Secretary, Depart-
ment of Corrections, Florida Attorney
General, Respondents–Appellees.

No. 05–11495
Non–Argument Calendar.
D.C. Docket No. 04–01848–
CV–ORL–22–KRS.

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 2005.

Herman Williams, Daytona Beach, FL,
pro se.

Douglas T. Squire, Office of the Attor-
ney General, Daytona Beach, FL, for Re-
spondents–Appellees.

Before ANDERSON, DUBINA and
HULL, Circuit Judges.

PER CURIAM:

Herman Williams, a Florida prisoner
proceeding *pro se*, appeals the dismissal
without prejudice of his habeas corpus pe-
tition, brought pursuant to 28 U.S.C.
§ 2254, for failure to pay a partial filing
fee. On appeal, Williams argues that be-
cause the district court was aware that he
did not have the financial ability to pay the
partial filing fee, it erred by dismissing his
§ 2254 without prejudice. He further ar-
gues that the district court violated his due
process, equal protection, and First
Amendment rights by denying him access
to the court "because he is poor." [1]
Williams asks us to grant him leave to
proceed *in forma pauperis* ("IFP") and
remand this case in order for the district
court to rule on the merits of his § 2254
petition.

We review a district court's order dis-
missing an action for failure to comply
with local rules for an abuse of discretion.
*Kilgo v. Ricks*, 983 F.2d 189, 192 (11th
Cir.1993). Rule 4.07 of the Local Rules of
the Middle District of Florida provides
that a district court may enter an order
"that [a] party seeking leave to proceed
[IFP] shall pay a stated portion of the
Clerk's and/or Marshal's fees within a pre-
scribed time, failing which the action may
be dismissed without prejudice." M.D.
Fla. R. 4.07(a). Local Rule 4.07 specifical-
ly references Local Rule 4.14, which pro-
vides that, "[i]n proceedings instituted
[IFP] under [§ ] 2254 . . ., the Court may
order, as a condition to allowing the case
to proceed, that the Clerk's and Marshal's
fees be paid by the petitioner if it appears
that he has $25.00 or more to his credit
. . . in any account maintained for him by
custodial authorities." M.D. Fla. R.
4.14(b).

The district court ordered Williams to
pay a partial filing fee without first deter-
mining, under Local Rule 4.14(b), whether
he had $25 in his prison account, a prereq-
uisite to the court's authority to order him
to pay a filing fee. A review of Williams's

---

**1.** The scope of this appeal is limited to the
issue upon which the certificate of appealabil-
ity ("COA") was granted. *See Murray v. Unit-
ed States*, 145 F.3d 1249, 1250–51 (11th Cir.
1998). We granted the COA on the following
issue: "[w]hether the district court erred in
dismissing appellant's habeas petition without
prejudice for failure to pay the partial filing
fee." Accordingly, we will not discuss
Williams's due process and equal protection
claims.

prison account statement demonstrates that he did not have $25 in his prison account at the time when he filed his § 2254 petition. Because the district court lacked the authority under its local rules to order Williams to pay a partial filing fee, the district court abused its discretion by dismissing Williams's § 2254 petition for failure to pay the partial filing fee.

VACATE AND REMANDED.